People v Santiago (2025 NY Slip Op 01777)

People v Santiago

2025 NY Slip Op 01777

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Ind No. 2392/13|Appeal No. 3956|Case No. 2018-525|

[*1]The People of the State of New York, Respondent,
v
Melvin Santiago, Appellant.

Twyla Carter, The Legal Aid Society, New York (Naila S. Siddiqui of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Aidan Sanchez of counsel), for respondent.

Order, Supreme Court, Bronx County (John W. Carter, J.), entered on or about September 27, 2017, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act, Correctional Law art 6-C, unanimously affirmed, without costs.
The court properly assessed 10 points under risk factor one for forcible compulsion. Defendant bit his young stepdaughter when she refused to lock the bedroom door, which was the first step of the repeated, twice-weekly incidents in which defendant sexually abused her over a period of seven months. Under these circumstances, it can reasonably be inferred that defendant's use of force compelled his victim to submit to his ensuing acts of sexual abuse (see generally People v Coleman, 42 NY2d 500, 505 [1977]).
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument (see People v Lopez, 215 AD3d 575 [1st Dept 2023], lv denied 40 NY3d 904 [2023]; People v Gomez, 201 AD3d 601 [1st Dept 2022]). We reject defendant's contention that a downward departure is warranted because "intrafamilial sex offenders . . . have a significantly lower rate of sexual recidivism" (see People v Perez, 226 AD3d 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]; People v Ogata, 124 AD3d 416 [1st Dept 2015], lv denied 25 NY3d 908 [2015]). Further, any mitigating factors were outweighed by the egregiousness of the continuing offenses committed by defendant against his young stepdaughter (see Perez, 226 AD3d at 487; Gomez, 201 AD3d at 601). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025